IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 16–cv–02019–KMT

RONALD DEAN ROHRER,

    Plaintiff,

v.

CAROLYN COLVIN, COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

## ORDER

This matter comes before the court on review of the Commissioner's denial of Plaintiff Ronald Dean Rohrer's application for Supplemental Security Income ("SSI") pursuant to Title XVI of the Social Security Act (the "Act"). Jurisdiction is proper under 42 U.S.C. § 405(g). Plaintiff filed his opening brief on November 20, 2016 (Doc. No. 14 ["Opening Br."]), Defendant filed her Response Brief on December 9, 2016 (Doc. No. 16 ["Resp."]), and Plaintiff filed his Reply Brief on December 23, 2016 (Doc. No. 16 ["Reply"]).

**FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff applied for SSI in December 2014, alleging disability due to back and neck problems and gout. (*See* Doc. No. 10, Social Security Administrative Record ["AR"] at 16, 156-61, 178.) The Commissioner denied the application. (*Id.* at 83-86.) Following the denial, Plaintiff requested and received a hearing by an Administrative Law Judge ("ALJ"). (*Id.* at 32-60.) After the hearing, the ALJ determined Plaintiff was not disabled within the meaning of the

Act.  (*Id.* at 16-27.)  The Appeals Council subsequently denied Plaintiff's request for review (*id.* at 1-4), making the ALJ's decision the final decision of the Commissioner for purposes of judicial review.  *See* 20 C.F.R. §§ 404.981, 422.210(a).  Plaintiff timely sought review by the Court.

## STANDARD OF REVIEW

A person is disabled within the meaning of the Social Security Act only if his physical and/or mental impairments preclude him from performing both his previous work and any other "substantial gainful work which exists in the national economy."  42 U.S.C. § 423(d)(2).  "When a claimant has one or more severe impairments the Social Security [Act] requires the [Commissioner] to consider the combined effect of the impairments in making a disability determination."  *Campbell v. Bowen*, 822 F.2d 1518, 1521 (10th Cir. 1987) (citing 42 U.S.C. § 423(d)(2)(C)).  However, the mere existence of a severe impairment or combination of impairments does not require a finding that an individual is disabled within the meaning of the Social Security Act.  To be disabling, the claimant's condition must be so functionally limiting as to preclude any substantial gainful activity for at least twelve consecutive months.  *See Kelley v. Chater*, 62 F.3d 335, 338 (10th Cir. 1995).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled:

1. The ALJ must first ascertain whether the claimant is engaged in substantial gainful activity. A claimant who is working is not disabled regardless of the medical findings.
2. The ALJ must then determine whether the claimed impairment is "severe."  A "severe impairment" must significantly limit the claimant's physical or mental ability to do basic work activities.
3. The ALJ must then determine if the impairment meets or equals in severity certain impairments described in Appendix 1 of the regulations.

2

> 4. If the claimant's impairment does not meet or equal a listed impairment, the ALJ must determine whether the claimant can perform his past work despite any limitations.
> 5. If the claimant does not have the residual functional capacity to perform his past work, the ALJ must decide whether the claimant can perform any other gainful and substantial work in the economy. This determination is made on the basis of the claimant's age, education, work experience, and residual functional capacity.

20 C.F.R. § 404.1520(a)(4)(i)-(v). *See also Williams v. Bowen,* 844 F.2d 748, 750-52 (10th Cir. 1988). The claimant has the initial burden of establishing a disability in the first four steps of this analysis. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). The burden then shifts to the Commissioner to show that the claimant is capable of performing work in the national economy. *Id.* A finding that the claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis. *Casias v. Sec'y of Health & Human Services*, 933 F.2d 799, 801 (10th Cir. 1991).

Review of the Commissioner's disability decision is limited to determining whether the ALJ applied the correct legal standard and whether the decision is supported by substantial evidence. *Hamilton v. Sec'y of Health and Human Servs.*, 961 F.2d 1495, 1497-98 (10th Cir. 1992); *Brown v. Sullivan*, 912 F.2d 1194, 1196 (10th Cir. 1990). Substantial evidence is evidence a reasonable mind would accept as adequate to support a conclusion. *Brown*, 912 F.2d at 1196. It requires more than a scintilla but less than a preponderance of the evidence. *Hedstrom v. Sullivan*, 783 F. Supp. 553, 556 (D. Colo. 1992). "Evidence is not substantial if it is overwhelmed by other evidence in the record or constitutes mere conclusion." *Musgrave v. Sullivan*, 966 F.2d 1371, 1374 (10th Cir. 1992). Further, "if the ALJ failed to apply the correct legal test, there is a ground for reversal apart from a lack of substantial evidence." *Thompson v. Sullivan*, 987 F.2d 1482, 1487 (10th Cir. 1993). The court "meticulously examine[s] the record

as a whole, including anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." *Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009) (citations omitted). However, the court may not reweigh the evidence or substitute its discretion for that of the Commissioner. *Thompson*, 987 F.2d at 1487.

The court may not affirm an ALJ's decision based on a *post-hoc* rationale supplied in an appellate brief, since doing so would "usurp essential functions committed in the first instance to the administrative process." *Allen v. Barnhart*, 357 F.3d 1140, 1142 (10th Cir.2004). Although the Tenth Circuit has applied the doctrine of harmless error in administrative appeals, it is only appropriate where "no reasonable administrative factfinder, following the correct analysis, could have resolved the factual matter in any other way." *Id.* at 1145.

## ANALYSIS

Plaintiff argues the ALJ improperly assessed his credibility in violation of Social Security Ruling 96-7p. (Opening Br. at 9-14.) "Credibility determinations are peculiarly the province of the finder of fact, and [the court] will not upset such determinations when supported by substantial evidence." *Wilson v. Astrue*, 602 F.3d 1136, 1144 (10th Cir.2010) (internal quotation marks omitted); see also *White v. Barnhart*, 287 F.3d 903, 909 (10th Cir. 2002). "Nevertheless an ALJ's adverse credibility finding 'should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings.' " *Mendez v. Colvin*, 588 F. App'x 776, 779 (10th Cir. 2014) (quoting *Wilson*, 602 F.3d at 1144).

The ALJ is not required to set forth a formalistic factor-by-factor recitation of the evidence, but must only set forth the specific evidence he relied on in evaluating Plaintiff's testimony. *See Qualls v. Apfel*, 206 F.3d 1368, 1372 (10th Cir. 2000). Therefore, as long as the

4

ALJ links her credibility assessment to specific evidence in the record, her determination is entitled to substantial deference. *White*, 28 F.3d at 910; *see also Qualls*, 206 F.3d at 1372; *Casias v. Sec. of Health & Human Servs.*, 933 F.2d 799, 801 (10th Cir. 1991) ("We defer to the ALJ as trier of fact, the individual optimally positioned to observe and assess witness credibility.").

An ALJ's decision "must contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight." SSR 96–7p, 1996 WL 374186, at *4 (July 2, 1996); *see also Jimison ex rel. Sims v. Colvin*, 513 F. App'x 789, 795 (10th Cir. 2013) (table decision). However, the ALJ "is not required to 'identif[y] any specific incredible statements,' so long as the ALJ 'indicat[es] to what extent [s]he credited what [the claimant] said when determining the limiting effect of [the claimant's] symptoms.'" *Bales v. Colvin*, 576 F. App'x 792, 800 (10th Cir. 2014) (quoting *Keyes–Zachary v. Astrue*, 695 F.3d 1165, 1170 (10th Cir. 2012)) (modifications in original). "[C]ommon sense, not technical perfection, is our guide." *Keyes–Zachary*, 695 F.3d at 1167.

The ALJ began her credibility determination by reciting boilerplate language stating that full consideration had been given to the plaintiff's subjective complaints in accordance with the factors set forth in 20 C.F.R. §§ 404.1529 and 416.929; SSR 96–7p, and *Luna v. Bowen*, 834 F.2d 161, 165 (10th Cir. 1987). (AR at 20-21.) The ALJ recited the following additional boilerplate language:

> After careful consideration of the evidence, the undersigned finds that the
> claimant's medically determinable impairments could reasonably be expected to

5

cause some of the alleged symptoms. However, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible for the reasons explained in this decision.

(AR at 21.)

Plaintiff contends that the ALJ erred by using the boilerplate language and by failing to explain what evidence she relied on to make her credibility determination. (Opening Br. at 11.) The Tenth Circuit has made it clear that "use of such boilerplate is problematic only when it appears 'in the absence of a more thorough analysis.' " *Keyes–Zachary*, 695 F.3d at 1170 (quoting *Hardman v. Barnhart*, 362 F.3d 676, 679 (10th Cir. 2004)). However, later in her decision, the ALJ gave specific and legitimate reasons, citing references to the record, for her determination that Plaintiff's testimony was entitled to less than full weight. (AR at 23.)

The ALJ noted that Plaintiff had not been compliant with treatment recommendations regarding physical therapy. (*Id.*) The ALJ also noted that there was no recommendation by Plaintiff's treating physician that Plaintiff use a cane or other assistive device. (*Id.*) Rather, the ALJ noted that Dr. Mars concluded that the plaintiff does not need an assistive device. (*Id.*)

The ALJ also noted that Plaintiff had been noncompliant with his medications and had a history of ongoing substance abuse (*Id.* at 23-24.) The ALJ reported the plaintiff testified that he had last used methamphetamines four months before the hearing, despite evidence in the record showing he reported that he "did meth" in early-December 2015, about six weeks before the hearing. (*Id.* at 24.)

However, the ALJ bases her credibility determination, in part, on the disability evaluation of Dr. John Mars, an orthopedist who examined the plaintiff in May 2015. (*Id.*) The ALJ noted that Dr. Mars "observed positive Waddell's testing for superficial paralumbar muscle tenderness,

pain with axial loading, and pain with torso rotation, no spasm or scoliosis." (*Id.*) The ALJ then stated that "[p]ositive Waddell's tests are nonphysiologic findings and are evidence of malingering, which reflects negatively on the credibility of the claimant's statements." (*Id.*)

"Waddell['s] signs are indications that a patient has nonorganic pain." *Wall v. Astrue*, 561 F.3d 1048, 1956 n.10 (10th Cir. 2009). "They are used to identify patients who may require detailed psychological assessment" and "[t]hree or more Waddell signs are deemed clinically significant." *Id.* Waddell signs do not necessarily establish that a person is malingering; instead, "[t]hey are used to identify patients who may require detailed psychological assessment." *Id.* "An ALJ ruling based upon a finding of two or fewer Waddell's signs is not supported by substantial evidence. " *Kirby v. Astrue*, 568 F. Supp. 2d 1225, 1234 (D. Colo. 2008) (citing *Reinertson v. Barnhart*, 127 F. App'x 285, 289 (9th Cir. 2005). "Likewise, an ALJ ruling based on medical evidence that does not indicate how many positive Waddell's signs a claimant demonstrates is not supported by substantial evidence." *Id.* (citing *Wick v. Barnhart*, 173 F. App'x 597, 598–99 (9th Cir. 2006). Here, there is no indication in the record that the Waddell's sign noted by Dr. Mars was anything more than an isolated incident. "Isolated positive tests are ignored." *See Reinertson*, 127 F. App'x at 289. Moreover, Dr. Mars does not indicate how many of the five Waddell's signs showed positive. (AR at 451.)

The ALJ erred in her reliance on the presence of positive Waddell's signs to support her determination that the plaintiff was not credible. Accordingly, the case must be remanded. Moreover, the court need not reach Plaintiff's remaining arguments because they may be affected by the ALJ's treatment of the case on remand. *See Robinson v. Barnhart*, 366 F.3d 1078, 1085 (10th Cir. 2004).

Accordingly, it is

**ORDERED** that the Commissioner's decision is **REVERSED** and this case is **REMANDED** to the Commissioner for rehearing in accordance with this Order. It is further

**ORDERED** that Plaintiff is awarded costs pursuant to Fed.R.Civ.P. 54(d)(1) and D.C.COLO.LCivR 54.1.

Dated this 27th day of September, 2017.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge